**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4050**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

DONTE LAMONT MCMILLAN,

             Defendant - Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  Catherine C. Eagles,
District Judge.  (1:13-cr-00293-CCE-1)

Submitted:  August 28, 2014        Decided:  September 16, 2014

Before SHEDD and FLOYD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, John A. Dusenbury, Jr.,
Assistant Federal Public Defender, Greensboro, North Carolina,
for Appellant.  Michael A. DeFranco, Assistant United States
Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a jury trial, Donte Lamont McMillan was convicted of possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(1) (2012). The district court sentenced him to 76 months' imprisonment. On appeal, McMillan's attorney filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that, in counsel's view, there are no meritorious issues for appeal, but questioning whether the sentence is reasonable. Although advised of his right to file a pro se supplemental brief, McMillan has not done so. Finding no reversible error, we affirm.

McMillan contends that the sentence imposed is greater than necessary to achieve the goals of sentencing and therefore is unreasonable. We have reviewed McMillan's sentence and conclude that the sentence imposed was reasonable. See Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Llamas, 599 F.3d 381, 387 (4th Cir. 2010). The district court followed the necessary procedural steps in sentencing McMillan, appropriately treated the Sentencing Guidelines as advisory, properly calculated and considered the applicable Guidelines range of 63 to 78 months, and weighed the relevant 18 U.S.C. § 3553(a) (2012) factors in light of McMillan's individual characteristics and history. See Gall, 552 U.S. at 51; United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009).

2

Specifically, the court noted McMillan's history of firearm offenses, the seriousness of the offense, and the need for deterrence and to protect the public. We conclude that the district court did not abuse its discretion in imposing the chosen sentence. See Gall, 552 U.S. at 41; United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007) (applying appellate presumption of reasonableness to within-Guidelines sentence).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly, we affirm McMillan's conviction and sentence. This court requires that counsel inform McMillan, in writing, of the right to petition the Supreme Court of the United States for further review. If McMillan requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on McMillan. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED